**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECILE ANDREA BROWN, | No. 20-35651 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05640-RSM |
| v. | |
| UNITED STATES OF AMERICA, Board of Veteran Appeals, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Cecile Andrea Brown appeals pro se from the district court's order

dismissing her Federal Tort Claims Act ("FTCA") action against the Board of

Veterans Appeals alleging tort claims related to her late father's disability award.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

———————

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915(e)(2)(B).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Brown's action because Brown failed to allege facts sufficient to state a claim and her request for damages was frivolous. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Nietzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact [.]").

The district court properly concluded that Brown failed to establish that venue was proper in the Western District of Washington.  *See* 28 U.S.C. § 1402 (venue provisions for FTCA actions).

The district court did not abuse its discretion in denying Brown's motion for reconsideration because Brown failed to establish any basis for relief under Local Civil Rule 7(h)(1).  *See* W.D. Wash. R. 7(h)(1) (explaining that reconsideration motions will be denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its

20-35651

attention earlier with reasonable diligence"); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**

20-35651